UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

**R & L HANDYMAN, INC.**

Case No.: 8:25:
Chapter 11

Debtor.

_____/

**MOTION TO VALUE COLLATERAL, DETERMINE
SECURED STATUS, AND TO STRIP LIENS OF JUNIOR CREDITORS**

COMES NOW, R & L HANDYMAN, INC. (the "Debtor"), by and through its undersigned attorney, and hereby files this, its *Motion to Value Collateral, Determine Secured Status, and to Strip Liens of Junior Creditors* pursuant to 11 U.S.C. § 506, and in support thereof states as follows:

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Ste. 555, Tampa, FL 33602, within thirty (30) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

---

**Background**

1. On May 7, 2025, the Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "Petition Date").

2. On the Petition Date, the Debtor held personal property including cash, inventory, accounts receivable, equipment, and vehicles (collectively, the "Collateral") with a estimated total value of approximately $38,000.00.

3. The following creditors claim an interest in the Collateral (in order of priority based on UCC filing dates):

| Creditor | UCC-1 Filing Date | Instrument Number | Claim Amount |
| --- | --- | --- | --- |
| CHTD Company | 05/11/2016 | 201607572328 | Unknown |
| Corporation Service Company, as Representative | 04/02/2024 | 202400867796 | Unknown |
| CHTD Company | 12/16/2024 | 202403295459 | Unknown |
| Mulligan Funding | N/A | N/A | $109,757.35 |

4. "CHTD Company" may assert or hold a first-priority security interest in all of the Debtor's tangible and intangible personal property pursuant to a UCC-1 Financing Statement filed on December 16, 2024, and recorded with the State of Florida under Instrument Number 202403295459.

### Relief Requested

5. This is a motion to value the Collateral, determine secured status, and to strip the liens of junior creditors pursuant to 11 U.S.C. § 506.

6. Section 506 of the Bankruptcy Code defines the secured and unsecured status of debts based upon the value of the underlying collateral. This Section provides in relevant part that:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest ....is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, .... and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claims.

7. The junior creditors listed below are only entitled to secured claims to the extent of the value of their respective interests in the Collateral.

8. After deducting the claim of CHTD Company (possible first priority), there is no equity in the Collateral to secure the claims of the junior creditors. The value of the Collateral is approximately $38,000.00 which is less than the amount owed to CHTD Company.

9. Therefore, there is no equity in the Collateral securing the claims of the following junior creditors, and their claims are wholly unsecured:

    b. Corporation Service Company, as Representative;

    c. CHTD Company 202403295459 (12/24 second filing); and

    d. Mulligan Funding.

10. Therefore, this Court should find that the claims of the above-listed junior creditors are wholly unsecured.

11. Further, this Court should find that pursuant to 11 U.S.C. § 506(d), the liens of the junior creditors are void and should be stripped from the Collateral.

12. In the alternative, this Court should recharacterize the agreements with Mulligan

Funding and other financing companies as loans rather than purchases of future receivables. These agreements provided funds to the Debtor in exchange for significantly larger repayment amounts over short periods of time, resulting in effective annual interest rates far exceeding the maximum allowable interest rates under applicable state law.

13. Courts have consistently looked beyond the form of merchant cash advance agreements to their substance in determining whether such agreements are disguised loans. When the substance of the transaction indicates that it is a loan with an interest rate that exceeds the maximum legal rate, the transaction may be void or voidable.

14. These agreements contain numerous loan-like features, including fixed periodic payments regardless of actual receivables generated, personal guarantees, broad security interests in all business assets, and default provisions.

15. Therefore, this Court should recharacterize these agreements as usurious loans, declare them void or voidable, and strip the liens of these creditors from the Collateral.

WHEREFORE, R & L HANDYMAN, INC., the Debtor, respectfully requests this Honorable Court enter an order: (1) granting the instant motion; (2) valuing the Collateral at $38,000.00; (3) determining that the claims of the junior creditors listed above are wholly unsecured; (4) stripping the liens of the junior creditors from the Collateral; (5) in the alternative, recharacterizing the merchant cash advance agreements as usurious loans and declaring them void or voidable; and (6) for such other and further relief as this Court shall deem appropriate.

RESPECTFULLY SUBMITTED on this 3rd day of June, 2025.

*Elizabeth Perdue* ✓
**ELIZABETH PERDUE,** *Vice-President*

/s/ Matthew J. Kovschak
**MATTHEW J. KOVSCHAK, ESQUIRE**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June, 2025, a true and correct copy of the foregoing has been furnished electronically by the Court's CM/ECF system to all parties who receive electronic notices via CM/ECF in this case, by U.S. Mail to:

R & L Handyman, Inc.
1362 Summit Chase Dr
Lakeland, FL 33813

And by Certified U.S. Mail to:

CHTD Company
P.O. Box 2576
Springfield, IL 62708

Mulligan Funding
4715 Viewridge Avenue, Suite 100
San Diego, CA 92123

Corporation Service
Company, as Representative
P.O. Box 2576
Springfield, IL 62708

/s/ Matthew J. Kovschak
**MATTHEW J. KOVSCHAK, ESQUIRE**
Sutton Law Firm
Florida Bar No.: 602876
325 West Main Street
Bartow, FL 33830
863-533-8912 (telephone)
863-533-4633 (telecopier)

Facsimile: (866) 873-8340
ECF/PACER Email: mjkovschak@aol.com
Alternate Email: matt@suttonlawfirm.net
Attorney for Debtor

### CORPORATE VERIFICATION:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June ___1st___, 2025.

R & L HANDYMAN, INC.

/s/ Elizabeth Perdue
**ELIZABETH PERDUE**, *Vice-President*